OPINION OF THE COURT
 

 ClPARIGK, J.
 

 Plaintiff Alii Katt
 
 [1]
 
 sued her former employer, the New York
 
 *333
 
 City Police Department (the City), and Police Lieutenant Anthony DiPalma alleging that she was subjected to sexual harassment and a sexually hostile and abusive work environment in violation of state and federal law and the New York City Human Rights Law. Katt, a civilian employee, worked as a police administrative aide in the Seventh Precinct.
 

 This action was commenced roughly nine years ago, in 1995, and has an extensive procedural history. The complaint originally named three additional individual defendants and alleged several causes of action. At the time of trial, plaintiffs only remaining claims were for violations of 42 USC § 1983, the New York State Human Rights Law (Executive Law § 290
 
 et
 
 seq.) and New York City Human Rights Law (Administrative Code of City of NY) § 8-502, against the City and DiPalma.
 

 After trial in the United States District Court for the Southern District of New York, the jury delivered a verdict in plaintiffs favor, awarding $400,000 in compensatory damages against both defendants and $1,000,000 in punitive damages against the City. In response to defendants’ motions for judgment as a matter of law
 
 (see
 
 Fed Rules Civ Pro rule 50 [b]) or, in the alternative, for a new trial
 
 (see
 
 Fed Rules Civ Pro rule 59), the court struck the punitive damages award against the City, and otherwise directed entry of judgment for the plaintiff in the amount of $400,000. The court determined that punitive damages were not authorized under section 8-502 of the New York City Human Rights Law because the statute does not contain an unequivocal indication of legislative intent to waive the City’s common-law immunity from liability for such damages (151 F Supp 2d 313, 345 [US Dist Ct, SD NY 2001]). The court subsequently denied plaintiffs motion for reconsideration.
 
 [2]
 

 Defendants appealed the District Court’s denial of their motion for a new trial, which the United States Court of Appeals for the Second Circuit affirmed. Plaintiff cross-appealed from the portion of the District Court’s order vacating the punitive damages award. Determining that there was insufficient guidance from this Court to resolve the issue, which raises significant state law public policy concerns, the Second Circuit certified the following question: “Can a person claiming gender-
 
 *334
 
 based employment discrimination recover punitive damages from the City of New York under section 8-502(a) of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-502(a)?” (341 F3d 177, 182 [2003].) We accepted certification (100 NY2d 605 [2003]) and now answer that question in the negative.
 

 Analysis
 

 Plaintiff claims gender-based employment discrimination under section 8-502 (a) of the New York City Human Rights Law, which states that:
 

 “Except as otherwise provided by law, any person claiming to be aggrieved by an unlawful discriminatory practice as defined in chapter one of this title . . . shall have a cause of action in any court of competent jurisdiction for damages, including punitive damages, and for injunctive relief and such other remedies as may be appropriate” (Administrative Code of City of NY § 8-502 [a]).
 

 Under the Code, it is an unlawful discriminatory practice for an employer “to discriminate against [a] person in compensation or in terms, conditions or privileges of employment” because of the person’s gender
 
 (see
 
 Administrative Code § 8-107 [1] [a]).
 

 The Code then defines “employer” by excluding those employers with three employees or less
 
 (see
 
 Administrative Code § 8-102 [5]), and does not differentiate between public and private employers. Although the definition of “person”
 
 [3]
 
 includes “governmental bodies or agencies,” section 8-502 (a) uses “person” to refer to those aggrieved by discriminatory treatment, rather than those subject to liability for damages
 
 (see
 
 Administrative Code § 8-102 [1]; § 8-502 [a]). Plaintiff argues since this Court has previously determined that the New York City Transit Authority was an “employer” within the definition of the New York City Human Rights Law
 
 (see Matter of Levy v City Commn. on Human Rights,
 
 85 NY2d 740, 744 [1995]), that the City should also be considered an “employer” here. However, holding the City to be an “employer” for the purposes of the Human Rights Law, does not of itself constitute legislative authorization for punitive damages liability
 
 (see Sharapata v Town of Islip,
 
 56 NY2d 332, 336 n 5 [1982]).
 

 
 *335
 
 In
 
 Sharapata,
 
 we addressed whether the State of New York was liable for punitive damages under section 8 of the Court of Claims Act and held that the waiver of sovereign immunity-contained in that statute was alone insufficient to subject the State to punitive damages liability.
 
 [4]
 
 First,
 
 “a
 
 statute in derogation of the sovereignty of a State must be strictly construed, waiver of immunity by inference being disfavored”
 
 (id.
 
 at 336). Although “express legislative authorization” would be necessary to subject the State (here the municipality) to punitive damages, section 8 did not make any specific reference to such damages
 
 (id.
 
 n 5). Second, we found it significant that the legislative history did not give any indication that the Legislature had considered the issue of punitive damages. Finally, we observed that “the twin justifications for punitive damages— punishment and deterrence—are hardly advanced when applied to a governmental unit” since it is the taxpayers who are ultimately penalized
 
 (id.
 
 at 338;
 
 see also Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,
 
 70 NY2d 382, 388 [1987] [holding that the Long Island Rail Road should be exempt from liability for punitive damages because a large portion of its funding came from public sources and it served an “essential, governmental purpose” and, as a result, the burden would actually fall upon the taxpayers]).
 

 Here, by contrast to
 
 Sharapata,
 
 the language of the Code provision expressly references punitive damages. The question is whether that reference is sufficient to imply the City’s waiver of immunity to liability for punitive damages. Under plaintiffs reading of the provision, since the City is within the definition of “employer” under section 8-102 (5), and an “employer” is prohibited from engaging in unlawful discriminatory practices under section 8-107 (1) (a), the City is expressly subject to punitive damages under section 8-502. We agree, however, with the District Court that this language is not an unambiguous expression of legislative authorization to subject the City to liability for punitive damages
 
 (see
 
 151 F Supp 2d at 342-343) and is insufficient to waive the City’s immunity to punitive damages liability. The absence of any specific reference to the municipality in the provision itself supports the interpretation that there
 
 *336
 
 is neither a waiver of sovereign immunity nor express legislative authorization for punitive damages liability.
 
 [5]
 

 Further, the statute begins with the phrase, “[e]xcept as otherwise provided by law” (Administrative Code § 8-502 [a]). It has been a common-law principle in this State that a municipality is not liable for punitive damages flowing from its employees’ misconduct in the absence of express legislative authorization to the contrary
 
 (see Sharapata,
 
 56 NY2d at 336). Thus, “we must presume that the City Council was aware of the common-law rule and abrogated it only to the extent indicated by the clear import of its enactment”
 
 (Juarez v Wavecrest Mgt. Team,
 
 88 NY2d 628, 646 [1996] [citations omitted];
 
 see also
 
 McKinney’s Cons Laws of NY, Book 1, Statutes § 301 [b]). The absence of any specific reference to the municipality, combined with the “[e]xcept as otherwise provided by law” language, suggest that the City Council in fact intended to preserve the principle of municipal immunity from punitive damages. At best, the provision is ambiguous as to imposition of punitive damages liability upon the City and thus cannot be considered express legislative authorization or abrogation of this well-settled principle.
 

 In addition, as was the case in
 
 Sharapata,
 
 here there is no indication that the City Council discussed, debated or even contemplated exposing the City to punitive damages or the potential fiscal impact of punitive damages on the City. In fact, the Fiscal Impact Statement from the Finance Division of the City Council included in the Local Law Bill Jacket does not include potential punitive damages in its estimated impact on expenditures
 
 (see
 
 Local Law Bill Jacket, Local Law No. 39 [1991] of City of New York). The Statement did, however, mention that the proposed provision authorized civil penalties and calculated such penalties as revenue to the City
 
 (see
 
 Local Law Bill Jacket, Local Law No. 39 [1991]).
 

 The general statements that the provision was intended to give “enhanced protection against discrimination” and should be liberally construed do not provide conclusive support for the
 
 *337
 
 proposition that the City Council intended to abrogate the longstanding common-law principle that New York municipalities are immune from punitive damages liability and impose such liability on the City
 
 (see
 
 Report of Legal Div, Comm on Gen Welfare, at 2, 12-13, Local Law Bill Jacket, Local Law No. 39 [1991]). These statements merely reflect the broad policy behind the local law to discourage discrimination
 
 (see
 
 Administrative Code § 8-101 [“there is no greater danger to the health, morals, safety and welfare of the city and its inhabitants than the existence of groups prejudiced against one another and antagonistic to each other because of their actual or perceived differences”];
 
 see also
 
 Administrative Code § 8-130 [the Code provisions should be liberally construed]).
 

 Plaintiff asks us to infer a waiver from the overall statutory scheme including the civil penalty provisions. The civil penalties are merely part of the Code’s alternative method of recovery for victims of discrimination. A person may file a complaint with the Commission on Human Rights provided that he or she has not previously instituted a civil action or started a proceeding before an administrative agency, or filed a complaint with the State Division of Human Rights relating to the same grievance
 
 (see
 
 Administrative Code § 8-109 [a], [f]). In addition to such remedies as compensatory damages and back pay
 
 (see
 
 Administrative Code § 8-120 [a] [8], [2]), the Commission is authorized to impose civil penalties not to exceed $100,000
 
 (see
 
 Administrative Code § 8-126 [a]). Instead of being paid to the complainant, however, the civil penalties are paid into a general fund
 
 (see
 
 Administrative Code § 8-127 [a]). The Code specifies that civil penalties received from a city agency are to be paid into a separate fund to “be used solely to support city agencies’ anti-bias education programs, activities sponsored by city agencies that are designed to eradicate discrimination or to fund remedial programs that are necessary to address the city’s liability for discriminatory acts or practices” (Administrative Code § 8-127 [b]). It makes little sense, given scarce public resources, that the City Council would put a cap on civil penalties that would be paid into a city fund, yet allow for open-ended punitive damages liability to be paid to a plaintiff.
 

 Plaintiffs argument that a previous proposed version of the provision specifically excluded the City from a private right of
 
 *338
 
 action under section 8-502 is not conclusive.
 
 [6]
 
 It certainly seems probable that the City Council’s intent in furthering the purpose behind the legislation—to discourage discrimination—allowed the City, as well as private entities, to be liable for compensatory damages. The omission of the language from the previous proposal, without more, cannot amount to express legislative authorization necessary to subject the City to punitive damages.
 

 In short, persons claiming gender-based employment discrimination cannot recover punitive damages pursuant to section 8-502 as the provision does not clearly, expressly and specifically waive New York City’s sovereign immunity. In light of this determination, it is not necessary to address the City’s constitutional argument.
 

 Accordingly, the certified question should be answered in the negative.
 

 Chief Judge Kaye and Judges G.B. Smith, Rosenblatt, Graffeo, Read and R.S. Smith concur.
 

 Following certification of a question by the United States Court of Appeals for the Second Circuit and acceptance of the question by this Court pursuant to section 500.17 of the Rules of Practice of the Court of Appeals (22 NYCRR 500.17), and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified question answered in the negative.
 

 [1]
 

 . The named plaintiff, Paul A. Krohn, is the bankruptcy trustee for plaintiff Alii Katt and was substituted during the course of the litigation.
 

 [2]
 

 . Plaintiffs motion for reconsideration was supported by a letter to the District Court by Craig Curian, a lawyer who identified himself as the principal author of the 1991 revisions to the New York City Human Rights Law—including the provision at issue.
 

 [3]
 

 . “The term ‘person’ includes one or more natural persons, proprietor-ships, partnerships, associations, group associations, organizations, governmental bodies or agencies, corporations, legal representatives, trustees, trustees in bankruptcy, or receivers” (Administrative Code § 8-102 [1]).
 

 [4]
 

 . The same rule applies to political subdivisions of the State, including municipalities
 
 (see Sharapata,
 
 56 NY2d at 334).
 

 [5]
 

 . “In the overwhelming majority of jurisdictions which have considered the question, it is now firmly established that exemplary or punitive damages are not recoverable unless expressly authorized by statute or through statutory construction” (18 McQuillin, Municipal Corporations § 53.18.10, at 314 [3d rev ed 2003];
 
 see also City of Newport v Fact Concerts, Inc.,
 
 453 US 247, 260 [1981]; Annotation,
 
 Recovery of Exemplary or Punitive Damages from Municipal Corporation,
 
 1 ALR4th 448 [municipal liability for punitive damages is disfavored by most courts]).
 

 [6]
 

 . The proposed version stated:
 

 “Except as otherwise provided by law, any person claiming to be aggrieved by an unlawful discriminatory practice as defined in chapter one of this title,
 
 other than unlawful discriminatory practices alleged to have been committed by the city or any agency thereof or other entity performing a governmental function to which entity this chapter applies, or any officer or employee of the city or of such agency or entity,
 
 shall have a cause of action in any court of competent jurisdiction for damages and for injunctive relief and such other remedies as may be appropriate, unless such person has filed a complaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice” (Council of City of NY Intro No. 1266, § 2, proposing amendment to Administrative Code § 8-502 [a] [June 13, 1989] [emphasis supplied]).