**Paul A. KROHN, Plaintiff–Appellee–Cross–Appellant,**

**Alli Katt, Plaintiff–Appellee,**

v.

**NEW YORK CITY POLICE DEPART-MENT and Anthony DiPalma, Defendants–Appellants–Cross–Appellees.**

No. 01–7827(LEAD), 01–7875(CON), 01–9023(XAP).

United States Court of Appeals, Second Circuit.

Argued: March 21, 2003.

Decided: June 9, 2004.

Question certified to New York Court of Appeals: Aug. 25, 2003.

Question answered by New York Court of Appeals: May 4, 2004.

Scott Shorr, Corporation Counsel's Office, City of New York, New York, NY, for Defendants–Appellants–Cross–Appellees.

Scott Samay, Kirkland & Ellis, New York, NY, for Plaintiff–Appellee–Cross–Appellant.

Before: FEINBERG, VAN GRAAFEILAND, and F.I. PARKER,* Circuit Judges.

FEINBERG, Circuit Judge.

This is an appeal from that portion of a June 2001 judgment of the United States District Court for the Southern District of New York (Gerard E. Lynch, J.) that vacated a punitive damages award in plaintiff Alli Katt's[1] gender discrimination suit on the ground that such damages were not available against a municipality in an action brought pursuant to New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8–502(a). *Katt v. City of New York,* 151 F.Supp.2d 313 (S.D.N.Y. 2001). In August 2003, we certified the controlling question of law in this case to the New York Court of Appeals. *Krohn v. New York City Police Dep't,* 341 F.3d 177 (2d Cir.2003) (*"Krohn I"*). In May 2004, that Court held that persons claiming gender-based employment discrimination cannot recover punitive damages from a municipality pursuant to § 8–502. *Krohn v. New York City Police Dep't,* 778 N.Y.S.2d 746, 751, 2 N.Y.3d 329, 337, 811 N.E.2d 8, 13 (N.Y.2004) (*"Krohn II"*). Thereafter, we gave the parties an opportunity to file letter briefs commenting on *Krohn II.* We now affirm the district court's judgment.

## I. Background

The following statement of relevant facts and description of the legal proceedings leading to our August 2003 certification are taken almost verbatim from our prior opinion. In 1995, Alli Katt filed a complaint against the City and various city employees, alleging that, as a civilian employee of the New York City Police Department, she had been subjected to sexual harassment and a sexually hostile work environment. Katt's original pro se complaint named several defendants and included claims under a range of federal and state anti-discrimination and civil rights laws. By the time of trial in 2000, however, Katt had retained counsel and only violations of 42 U.S.C. § 1983, the New York State Human Rights Law, N.Y. Exec. Law § 290, et seq., and § 8–502 of the NYCHRL remained. The only defendants remaining in the case were the City and Katt's former supervisor, Lt. Anthony DiPalma.

At trial, Katt presented evidence of extensive and pervasive sexual harassment, and was awarded $400,000 in compensatory damages against both defendants and $1,000,000 in punitive damages against the City alone. The City and DiPalma then moved for judgment as a matter of law, pursuant to Fed.R.Civ.P. 50, or, alternatively, for a new trial or to set aside the verdict pursuant to Fed.R.Civ.P. 59. The City also challenged the punitive damages award, which had been awarded pursuant to the NYCHRL.[2] The district court granted the City's motion to set aside the punitive damages award based on its con-

---

\* The Honorable Fred I. Parker, who was a member of this panel, died on August 12, 2003. Judge Parker fully participated in the consideration and decision of the opinion certifying the question at issue in this case to the New York Court of Appeals. The Court of Appeals having accepted certification and having answered that question in the negative, the instant opinion is decided by the remaining two members of the panel pursuant to Local Rule § 0.14(b).

1. The original complaint in this case was brought by Alli Katt, who also appeared as the appellee in DiPalma's and the City's appeal to this court. Paul A. Krohn, bankruptcy trustee for Katt, was later added as a plaintiff-appellee-cross-appellant. We will refer to Katt and Krohn collectively as "Katt."

2. The parties agreed that neither 42 U.S.C. § 1983 nor N.Y. Exec. Law § 290 authorized the award of punitive damages against a municipality.

clusion that the NYCHRL did not authorize an award of punitive damages, 151 F.Supp.2d at 342–43, but denied DiPalma and the City's motion in all other respects. Judgment was entered in June 2001. In August 2001, the district court denied Katt's motion for reconsideration.

## II.  This Court's Opinion in *Krohn I*

Katt appealed the district court's judgment, arguing that the damages provision of NYCHRL derogated the City's sovereign immunity and submitted the City to liability for punitive damages. Our opinion in *Krohn I* recognized, however, that in order for damages to be assessed against a municipality, the relevant statute must show clear legislative intent to derogate the municipality's sovereign immunity. We concluded that the statutory language of the relevant sections of the NYCHRL was inconclusive. *Krohn I,* 341 F.3d at 181. Section 8–502(a) provides that "[e]xcept as otherwise provided by law, any person claiming to be aggrieved by an unlawful discriminatory practice . . . shall have a cause of action . . . for damages, including punitive damages." Further, § 8–107(1)(a) makes it an unlawful discriminatory practice "for an employer or an employee or agent thereof" to discharge or discriminate "in competition or in terms, condition or privileges of employment" against a person on the basis of, among other things, gender. Nevertheless, the NYCHRL does not define the term "employer," and although "governmental bodies [and] agencies" are considered "persons," that term is used to define potential plaintiffs, not defendants subject to punitive damages. See 341 F.3d at 181.

Our opinion also noted that the New York Court of Appeals had "not yet found sufficient legislative intent in any law to override the presumption against a waiver of municipal immunity." *Id.* Moreover,

the lower state courts were split in their approach towards determining municipal liability. *Id.* at 182. We recognized, too, that the question of whether municipalities could be subject to punitive damages raised "significant public policy concerns." *Id.* We therefore certified the following question to the New York Court of Appeals:

> Can a person claiming gender-based employment discrimination recover punitive damages from the City of New York under section 8–502(a) of the New York City Human Rights Laws, N.Y.C. Admin. Code § 8–502(a)?

## III.  The New York Court of Appeals Decision in *Krohn II*

In its thorough, unanimous opinion issued in May 2004, the New York Court of Appeals concluded that persons claiming gender-based discrimination could not recover punitive damages from the City under § 8–502 because "the provision does not clearly, expressly and specifically waive New York City's sovereign immunity." *Krohn II,* 778 N.Y.S.2d at 751, 2 N.Y.3d at 338, 811 N.E.2d at 13. Before that Court, Katt argued that the Court's previous determination that the New York City Transit Authority was an "employer" within the definition of NYCHRL mandated that the City be considered an employer under § 8–502(a). The Court of Appeals in *Krohn II* rejected this argument. It held that while § 8–502(a) did refer to punitive damages, (1) the failure to refer specifically to the municipality and (2) the phrase "[e]xcept as otherwise provided by law" both suggested that the City Council intended to preserve municipal immunity. *Id.* at 748, 2 N.Y.3d at 334, 811 N.E.2d at 10. The Court of Appeals concluded that, at the very least, the language did not constitute an "unambiguous expression of legislative authorization to subject the city to liability for punitive damages." *Id.* at 749, 2 N.Y.3d at 335, 811 N.E.2d at 11. Additionally, *Krohn II* noted there was no

evidence that the City Council "discussed, debated or even contemplated" exposing the City to punitive damages. *Id.* at 750, 2 N.Y.3d at 336, 811 N.E.2d at 12.

The Court of Appeals also rejected Katt's arguments that the broad purpose and structure of the NYCHRL imposed liability on the City. *Krohn II* acknowledged the broad policy behind the NYCHRL to discourage discrimination, but refused to infer from that policy a waiver of municipal immunity. *Id.* at 749, 2 N.Y.3d at 336, 811 N.E.2d at 11. The opinion also declined to infer from the civil penalty provisions of the NYCHRL any intent to waive municipal immunity. The Court of Appeals pointed out that unlike a punitive damages provision, under which damages would be paid to the complainant, civil penalties would be paid into a general fund. Given this scheme, *Krohn II* concluded that "[i]t makes little sense, given scarce public resources, that the City Council would put a cap on civil penalties that would be paid into a City fund, yet allow for open-ended punitive damages liability to be paid to a plaintiff." *Id.* at 751, 2 N.Y.3d at 337, 811 N.E.2d at 13. Finally, the Court of Appeals ruled that the decision to omit language that was in a previous proposal of the provision could not amount to the "express legislative authorization necessary to subject the City to punitive damages." *Id.* at 751, 2 N.Y.3d at 338, 811 N.E.2d at 13.

### IV. Conclusion

As the parties have acknowledged, the governing law in this case is New York City Human Rights Law § 8–502. We must apply that law as stated by the New York Court of Appeals. As related above, that Court has now ruled that in a gender-discrimination case, punitive damages are not available against a municipality under § 8–502. We therefore affirm the district court's judgment vacating the punitive damages award against the City.