Cornell v County of Monroe (2020 NY Slip Op 05363)





Cornell v County of Monroe


2020 NY Slip Op 05363


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


599 CA 20-00002

[*1]MARLENE CORNELL, AS ADMINISTRATOR OF THE ESTATE OF SAMUEL CONDELLO, DECEASED, PLAINTIFF-APPELLANT,
v
COUNTY OF MONROE, DEFENDANT-RESPONDENT. 






DAVID L. MURPHY, P.C., ROCHESTER (DAVID L. MURPHY OF COUNSEL), FOR PLAINTIFF-APPELLANT.
JOHN P. BRINGEWATT, COUNTY ATTORNEY, ROCHESTER (MICHELE ROMANCE CRAIN OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered December 6, 2019. The order granted the motion of defendant for partial summary judgment dismissing plaintiff's claim for punitive damages. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff's decedent, Samuel Condello, was a wheelchair-bound resident at Monroe Community Hospital (MCH). On December 6, 2012, Condello was deprived of his manual wheelchair by MCH's executive director. Condello's health thereafter deteriorated, and he died on January 9, 2013. Plaintiff filed the instant amended complaint asserting causes of action for, inter alia, violations of Public Health Law § 2801-d. Plaintiff's cause of action under the Public Health Law also sought the imposition of punitive damages. Defendant moved for partial summary judgment dismissing the claim for punitive damages, asserting that such damages could not be awarded against a municipality pursuant to Public Health Law § 2801-d. Supreme Court granted the motion, and we affirm.
Contrary to plaintiff's contention, although the plain language of the statute clearly "permits punitive damages against a medical facility where a deprivation of a patient's rights is found to be willful or in reckless disregard to the patient's rights" (Valensi v Park Ave. Operating Co., LLC, 169 AD3d 960, 962 [2d Dept 2019]), as a general rule "the State and its political subdivisions are not subject to punitive damages" (Clark-Fitzpatrick, Inc. v Long Island R.R. Co., 70 NY2d 382, 386 [1987]). Further, "the twin justifications for punitive damages—punishment and deterrence—are hardly advanced when applied to a governmental unit" (Sharapata v Town of Islip, 56 NY2d 332, 338 [1982]), and "a statute in derogation of the sovereignty of a State must be strictly construed, waiver of immunity by inference being disfavored" (id. at 336). Here, Public Health Law § 2801-d (2) does not "clearly, expressly and specifically waive [the municipalities'] sovereign immunity" (Krohn v New York City Police Dept., 2 NY3d 329, 338 [2004]), and there is no indication that the legislature "discussed, debated, or even contemplated exposing" municipalities to punitive damages (id. at 336). Plaintiff's reliance on other sections of article 28 of the Public Health Law, at best, makes the subject provision (§ 2801-d [2]) "ambiguous as to imposition of punitive damages liability upon [defendant] and thus cannot be considered express legislative authorization or [an] abrogation of th[e] well-settled principle" regarding municipal immunity from punitive damages (Krohn, 2 NY3d at 336).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court