*916 Appeal and cross appeal from an order of Supreme Court, Seneca County (Falvey, J.), entered July 25, 2002, which, inter alia, denied plaintiffs cross motion for partial summary judgment on liability.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion of defendant Julie Marra, individually and in her representative capacity of the County of Seneca, seeking dismissal of the claim for punitive damages and dismissing that claim against her and as modified the order is affirmed without costs.
Memorandum: Plaintiff appeals and defendant Julie Marra, a foster care worker for defendant Seneca County Department of Social Services (DSS), cross-appeals from parts of an order that, inter alia, denied plaintiffs cross motion for partial summary judgment on liability and denied in part the motion of Marra for summary judgment dismissing the amended complaint against her. This matter arises from the death of plaintiffs decedent, four-year-old Angelica Pesante, on March 18, 1997. The child had been placed with one younger half-sibling in the foster home of defendants Susan Mundell and Melvin Mundell by DSS on an emergency basis on January 31, 1997. A second half-sibling, age one, was hospitalized until February 18, 1997, when he was placed in the same foster home. On March 5, 1997, Angelica sustained bruises and a broken tooth at the foster home. According to Angelica, the injuries, for which she received medical care, were caused by her 2V2-year-old half-brother after she started a fight with him. Susan Mundell was vacuuming elsewhere in the home when that incident occurred.
On March 17 and/or March 18, 1997, Angelica sustained injuries at the foster home that resulted in her death on March 18. The autopsy report in the record originally stated that the cause of death was “blunt trauma to head and abdomen” and *917 that the manner of death was “Pending further investigation.” The autopsy report was thereafter changed to state that the manner of death was “Accidental” and was changed again to “pending investigation.”
We conclude that Supreme Court properly denied that part of plaintiffs cross motion for partial summary judgment on liability against each defendant based on the alleged violation of the certificate to board issued to the Mundells by the New York State Department of Social Services in conformity with 18 NYCRR former 444.3 (b) as well as the alleged violations of 18 NYCRR former 444.5 (c) (3) and the boarding home agreement between the Mundells and DSS. Pursuant to 18 NYCRR former 444.3 (b), the certificate to board was required to specify the maximum number of children to be boarded, and here the certificate to board authorized a maximum of four foster children in the home. It is undisputed that, at the time Angelica died, five foster children had been placed there. In addition, both 18 NYCRR former 444.5 (c) (3) and the boarding home agreement between DSS and the Mundells require adult supervision of foster children under the age of 10. It is undisputed that Marra took Angelica to see a psychologist on March 17, and then left Angelica at the foster home without adult supervision. Marra and Susan Mundell had agreed to that arrangement in advance, with the understanding that Melvin Mundell would be present after a short time. Defendant Emmanuel Mundell, age 13, and a female foster child, age 11, were present along with Angelica and her siblings, ages 2V2 and 1, and a 10-month-old unrelated foster child. While it is undisputed that those violations occurred, the court properly determined that plaintiff had failed to establish as a matter of law that any of those violations by any defendant was a proximate cause of Angelica’s injuries or death.
The court also properly denied that part of plaintiffs cross motion for partial summary judgment on liability against the Mundells based on their alleged neglect of Angelica pursuant to Family Ct Act § 1012 (f) (i) (A), by failing to provide her with medical care on March 17 and 18, 1997. We agree with the court that plaintiff failed to establish that she is entitled to judgment as a matter of law against the Mundells based on their alleged neglect.
Plaintiffs cross motion for partial summary judgment on liability also sought dismissal of all affirmative defenses. Plaintiff contends on appeal that the court should have dismissed the affirmative defenses of comparative negligence and assumption of the risk asserted with respect to Angelica because the child was *918 non sui juris. We conclude that plaintiff has not established entitlement to such relief as a matter of law. Whether Angelica, described in the record as a bright four-year-old child, was non sui juris is an issue of fact (see Tenebruso v Toys “R” Us NYTEX, 256 AD2d 1236 [1998]).
The court also properly granted those parts of the motions of DSS and defendant County of Seneca (collectively, County defendants) and defendant Stacey M. Haust, a DSS child protective caseworker, seeking dismissal of plaintiff’s claims under Social Services Law § 420 for failure to report suspected child abuse or maltreatment to the statewide central register. Social Services Law § 420 provides for criminal liability when a mandated reporter “willfully” fails to report a case of suspected child abuse or maltreatment and for civil liability when a mandated reporter “knowingly and willfully” fails to do so. We agree with the court that the County defendants and Haust established by proof in admissible form that they did not knowingly and willfully fail to report suspected child abuse or maltreatment, and plaintiff failed to raise an issue of fact.
On her cross appeal, Marra contends that the court erred in denying that part of her motion for summary judgment seeking dismissal of the claim for punitive damages against her. “The nature of the conduct [that] will justify an award of punitive damages has been variously described but, essentially, it is conduct ‘having a high degree of moral culpability’ ... or activated by an evil and reprehensible motive . . . [that] manifests a ‘conscious disregard of the rights of others or conduct so reckless as to amount to such disregard’ ” (Sweeney v McCormick, 159 AD2d 832, 834 [1990]). Marra established by evidence in admissible form that as a matter of law her conduct did not rise to the requisite level to warrant the imposition of punitive damages, and plaintiff failed to raise an issue of fact. We therefore modify the order by granting that part of the motion of Marra seeking dismissal of the claim for punitive damages and dismissing that claim against her. Present—Pigott, Jr., PJ, Pine, Hurlbutt, Kehoe and Hayes, JJ. [See 2002 NY Slip Op 40503 (U).]