Hanson v Hicksville Union Free Sch. Dist. (2022 NY Slip Op 05519)

Hanson v Hicksville Union Free Sch. Dist.

2022 NY Slip Op 05519

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2022-03633
 (Index No. 900371/21)

[*1]Jerri Hanson, respondent, 
v
Hicksville Union Free School District, appellant, et al., defendant.

Guercio & Guercio, LLP, Latham, NY (Anthony J. Fasano and Stephanie A. Denzel of counsel), for appellant.
Harnick & Harnick, New York, NY (Pollack, Pollack, Isaac & DeCicco, LLP [Brian J. Isaac and Paul H. Seidenstock], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages arising from the failure to report cases of suspected child abuse as required by Social Services Law § 413, the defendant Hicksville Union Free School District appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered April 14, 2022. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the ninth and tenth causes of action and the demand for punitive damages insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant Hicksville Union Free School District which were pursuant to CPLR 3211(a)(7) to dismiss the ninth and tenth causes of action and the demand for punitive damages insofar as asserted against it are granted.
After the enactment of CPLR 214-g, which revived the statute of limitations for certain causes of action involving child sexual abuse, the plaintiff commenced this action against Hicksville Union Free School District (hereinafter the District) and Phillip Bova. The complaint alleges the following facts: Between 1972 and 1977, Bova was an English teacher and guidance counselor at Hicksville Junior High School (hereinafter HJHS). The plaintiff attended HJHS between 1971 and 1973, and Bova was her guidance counselor. Bova "used knowledge of [the plaintiff's] personal life including the abuse she was suffering at the hands of her stepfather which he learned as a result of his position as a guidance counselor to groom her for sexual abuse." Bova sexually abused the plaintiff during the 1972-1973 school year, when the plaintiff attended HJHS, and continued to abuse her during the years 1973 through 1977, when the plaintiff was a student at Hicksville High School. Bova's abuse was known to school administrators, teachers, and staff.
The ninth cause of action in the complaint alleges that the District breached its statutory duty pursuant to Social Services Law § 413 to report suspected child abuse committed by Bova, and the tenth cause of action alleges that both defendants breached their statutory duty pursuant to Social Services Law § 413 to report suspected child abuse committed by the plaintiff's stepfather. For these violations, the complaint seeks compensatory and punitive damages.
The District moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the ninth and tenth causes of action and the demand for punitive damages insofar as asserted against it. The Supreme Court denied those branches of the motion. The District appeals.
Social Services Law § 413, which went into effect on September 1, 1973, provides that certain school officials "are required to report or cause a report to be made in accordance with this title when they have reasonable cause to suspect that a child coming before them in their professional or official capacity is an abused or maltreated child" (id. § 413[1][a]; see L 1973, ch 1039). Social Services Law § 420(2) provides that "[a]ny person, official or institution required by this title to report a case of suspected child abuse or maltreatment who knowingly and willfully fails to do so shall be civilly liable for the damages proximately caused by such failure." For purposes of Social Services Law § 413, an "abused child" means "a child under eighteen years of age and who is defined as an abused child by the family court act" (id. § 412[1]). Family Court Act § 1012(e) defines an "abused child" as one harmed by a "parent or other person legally responsible for his [or her] care."
The Supreme Court should have granted that branch of the District's motion which was to dismiss the ninth cause of action, alleging that it failed to report suspected child abuse committed by Bova, because Bova was not a "person legally responsible" for the plaintiff's care (see Matter of Catherine G. v County of Essex, 3 NY3d 175, 179-180; Matter of Yolanda D., 88 NY2d 790, 796). The court also should have granted that branch of the District's motion which was to dismiss the tenth cause of action, alleging that it failed to report suspected child abuse committed by the plaintiff's stepfather, insofar as asserted against it. The complaint does not contain any allegation that the District received information about abuse committed by the plaintiff's stepfather at any time after the end of the 1972-1973 school year in June 1973, which was months prior to September 1, 1973, the date that Social Services Law § 413 went into effect (see L 1973, ch 1039). Finally, as the plaintiff concedes, punitive damages are not available against the District (see Krohn v New York City Police Dept., 2 NY3d 329, 336; Dixon v William Floyd Union Free Sch. Dist., 136 AD3d 972, 973). Thus, the court should have granted that branch of the District's motion which was to dismiss the demand for punitive damages insofar as asserted against it.
Accordingly, we reverse the order insofar as appealed from and grant the subject branches of the District's motion.
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court