Brave v City of New York (2023 NY Slip Op 02490)

Brave v City of New York

2023 NY Slip Op 02490

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2022-07659
 (Index No. 364/22)

[*1]Timothy Brave, respondent, 
v
City of New York, et al., defendants, Little Flower Union Free School District, et al., appellants.

Guercio & Guercio LLP, Farmingdale, NY (Anthony J. Fasano of counsel), for appellants.
Janet, Janet & Suggs, LLC, New York, NY (Andrew S. Janet of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages arising from the failure to report suspected child abuse as required by Social Services Law § 413, the defendants Little Flower Union Free School District and Board of Education of Little Flower Union Free School District appeal from an order of the Supreme Court, Suffolk County (Leonard D. Steinman, J.), dated August 18, 2022. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging a violation of the statutory duty to report suspected child abuse insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action under the Child Victims Act (see CPLR 214-g) to recover damages arising from sexual abuse allegedly inflicted upon him by the defendant Barry J. Wiggins in 1992 and 1993, when the plaintiff was a child. The plaintiff was in foster care during the relevant time period, in the custody of the defendant City of New York through its Administration for Children's Services (hereinafter ACS). Foster care services were provided to the plaintiff by ACS's contractor, the defendant Little Flower Children and Family Services of New York (hereinafter the agency). In the fall of 1992, the plaintiff, then 13 years old, was removed from his foster home by the agency and placed at the agency's Wading River Campus, where he was to attend mental health treatment and therapy at the agency's residential treatment center. According to the complaint, the plaintiff resided in a dormitory setting on the agency's campus in St. Theresa cottage, where Wiggins was a "counselor or 'house parent.'" The plaintiff also attended the Little Flower School located on the campus, which was controlled and managed by the defendants Little Flower Union Free School District and Board of Education of Little Flower Union Free School District (hereinafter together the school district defendants).
The complaint alleged, inter alia, that the school district defendants breached their duty under Social Services Law § 413 to report suspected child abuse committed by Wiggins. For this statutory violation, the plaintiff sought, among other things, compensatory damages. The school district defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the cause of action [*2]alleging a statutory violation insofar as asserted against them on the basis that Wiggins was not a "person legally responsible" for the plaintiff and, as such, there was no duty to report suspected child abuse under the Social Services Law. The Supreme Court denied that branch of the motion, and the school district defendants appeal.
Social Services Law § 413(1)(a) provides that certain school officials "are required to report or cause a report to be made in accordance with this title when they have reasonable cause to suspect that a child coming before them in their professional or official capacity is an abused or maltreated child." Social Services Law § 420(2) provides that "[a]ny person, official or institution required by this title to report a case of suspected child abuse or maltreatment who knowingly and willfully fails to do so shall be civilly liable for the damages proximately caused by such failure." "For purposes of Social Services Law § 413, an 'abused child' means 'a child under eighteen years of age and who is defined as an abused child by the family court act" (Hanson v Hicksville Union Free Sch. Dist., 209 AD3d 629, 631, quoting Social Services Law § 412[1]). The Family Court Act, in turn, defines an "abused child" as a child who is harmed by a "parent or other person legally responsible for his [or her] care" (id. § 1012[e]).
Accepting the facts as alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference (see CPLR 3211[a][7]; Leon v Martinez, 84 NY2d 83, 87-88; Joseph v Fensterman, 204 AD3d 766, 767), the complaint sufficiently pleaded a cause of action against the school district defendants alleging a violation of their mandatory duty to report suspected child abuse. The complaint sufficiently alleged that Wiggins was "a person legally responsible" for the plaintiff's care within the meaning of Family Court Act § 1012(e). The complaint alleged that, as a "counselor or 'house parent'" at the St. Theresa cottage on the agency's campus, Wiggins had duties that included monitoring the plaintiff, organizing activities and programing, addressing the plaintiff's daily problems and concerns, ensuring that the plaintiff remained in a safe and protected environment, and generally tending to the plaintiff's needs during Wiggins's daily eight-hour shifts. Thus, Wiggins is alleged to have served as "the functional equivalent of a parent" to the plaintiff (Matter of Yolanda D., 88 NY2d 790, 796; see Matter of Unity T. [Dennis T.], 166 AD3d 629, 630-631). Contrary to the school district defendants' contention, Wiggins's alleged role in caring for the plaintiff was not as limited as that of a teacher (see Matter of Yolanda D., 88 NY2d at 796; Dolgas v Wales, ___ AD3d ___, 2023 NY Slip Op 01830 [3d Dept]; Hanson v Hicksville Union Free Sch. Dist., 209 AD3d at 630-631). The complaint further alleged that the plaintiff told two counselors employed by the school district defendants about Wiggins's acts of sexual abuse during the plaintiff's time at the agency's campus, but that his complaints were ignored.
The school district defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied that branch of the school district defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging a violation of the statutory duty to report suspected child abuse insofar as asserted against them.
BARROS, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court