Solly v Pioneer Cent. Sch. Dist. (2023 NY Slip Op 05814)

Solly v Pioneer Cent. Sch. Dist.

2023 NY Slip Op 05814

Decided on November 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

678 CA 22-01031

[*1]BRENDA A. SOLLY, PLAINTIFF-RESPONDENT,
v
PIONEER CENTRAL SCHOOL DISTRICT, ALSO KNOWN AS YORKSHIRE PIONEER CENTRAL SCHOOL DISTRICT, ROBERT T. GRUNWALD, DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. 

WEBSTER SZANYI LLP, BUFFALO (RYAN G. SMITH OF COUNSEL), FOR DEFENDANT-APPELLANT PIONEER CENTRAL SCHOOL DISTRICT, ALSO KNOWN AS YORKSHIRE PIONEER CENTRAL SCHOOL DISTRICT.
PERSONIUS MELBER LLP, BUFFALO (SCOTT R. HAPEMAN OF COUNSEL), FOR DEFENDANT-APPELLANT ROBERT T. GRUNWALD. 
FANIZZI & BARR, P.C., NIAGARA FALLS (KEVIN F. WALSH OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeals from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered May 24, 2022. The order, insofar as appealed from, denied those parts of the motions of defendants Pioneer Central School District, also known as Yorkshire Pioneer Central School District, and Arcade Elementary School, and Robert T. Grunwald seeking to dismiss the complaint pursuant to CPLR 3211 (a) (8) and to dismiss the seventh cause of action in the complaint pursuant to CPLR 3211 (a) (5) and (a) (7). 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendants Pioneer Central School District, also known as Yorkshire Pioneer Central School District, and Arcade Elementary School insofar as it sought to dismiss against Pioneer Central School District, also known as Yorkshire Pioneer Central School District, the seventh cause of action and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) alleging that she was sexually abused during a period from 1974 to 1977 by a physical education teacher, i.e., defendant Robert T. Grunwald, while attending defendant Arcade Elementary School (Arcade) in defendant Pioneer Central School District, also known as Yorkshire Pioneer Central School District (Pioneer) (collectively, District defendants). The District defendants and Grunwald moved separately to, inter alia, dismiss the complaint against them. Supreme Court granted in part and denied in part the motions, thereby, inter alia, dismissing the complaint against Arcade in its entirety, and Pioneer and Grunwald now separately appeal.
Contrary to the contentions of Pioneer and Grunwald, plaintiff's summons with notice complied with the requirement of CPLR 305 (b) that it state "the nature of the action," and thus the court properly denied the motions insofar as they sought to dismiss the complaint against those defendants for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8). The summons with notice stated that "[t]he nature of this action is for a tort, leading to bodily injury and emotional distress, and is being filed pursuant to the Child Victims Act, codified at CPLR 214-g." Under the circumstances of this case, we conclude that the identification of the action as one sounding in "tort," along with the reference to the Child Victims Act, complied with the requirement of CPLR 305 (b) that the summons with notice identify the nature of the action (see [*2]Andrulis v Fox [appeal No.1], 284 AD2d 1006, 1006 [4th Dept 2001]; Pilla v La Flor De Mayo Express, 191 AD2d 224, 224 [1st Dept 1993]).
We agree with Pioneer, however, that the court erred in denying the District defendants' motion insofar as it sought to dismiss against Pioneer plaintiff's seventh cause of action, for breach of statutory duties to report certain abuse pursuant to Social Services Law former § 413 and § 420, and we therefore modify the order accordingly. Assuming, arguendo, that the seventh cause of action was revived by CPLR 214-g and was thus timely, we conclude that it fails to state a cause of action against Pioneer. On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, we must "accept the facts as alleged in the complaint as true, accord [the] plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005]). "Whether a plaintiff can ultimately establish [their] allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]).
In her complaint, plaintiff alleged that Pioneer violated its statutory reporting duties under Social Services Law former § 413 by failing to report the abuse of plaintiff by Grunwald. Social Services Law former § 413, however, applied only where there was "reasonable cause to suspect that a child . . . [was] an abused or maltreated child" (Social Services Law former § 413). The Social Services Law incorporated the definition of "abused child" in the Family Court Act (see Social Services Law former § 412 [1]), which in turn defined that term, as relevant here, as a child harmed by a "parent or other person legally responsible for [the child's] care" (Family Ct Act former § 1012 [e]; see Hanson v Hicksville Union Free Sch. Dist., 209 AD3d 629, 631 [2d Dept 2022]).
Under Family Court Act article 10, however, the definition "should not be construed to include [abuse by] persons who assume fleeting or temporary care of a child such as . . . those persons who provide extended daily care of children in institutional settings, such as teachers" (Matter of Yolanda D., 88 NY2d 790, 796 [1996]; see Matter of Zulena G. [Regilio K.], 175 AD3d 678, 680 [2d Dept 2019]; Matter of Jonah B. [Riva V.], 165 AD3d 790, 792 [2d Dept 2018]). Inasmuch as Grunwald, based on the allegations in the complaint, could not be the subject of a report for purposes of Social Services Law former § 413, Pioneer was not required to report any suspected abuse by him (see Hanson, 209 AD3d at 631; see generally Matter of Catherine G. v County of Essex, 3 NY3d 175, 179-180 [2004]).
Plaintiff's reliance upon Matter of Kimberly S.M. v Bradford Cent. School (226 AD2d 85 [4th Dept 1996]) is misplaced. In that case, this Court held that it was error to determine that a school had no duty to report alleged abuse by a student's uncle under Social Services Law former § 413 where the uncle "could have been a custodian or a 'person responsible for the child's care at the relevant time' " (Kimberly S.M., 226 AD2d at 90). Here, plaintiff neither alleges nor presents facts to show that Grunwald "acted as the functional equivalent of a parent" (Yolanda D., 88 NY2d at 796; cf. Brave v City of New York, 216 AD3d 728, 730 [2d Dept 2023]).
We further reject plaintiff's assertion that our holding in BL Doe 3 v Female Academy of the Sacred Heart (199 AD3d 1419 [4th Dept 2021]) leads to a contrary result. In that case, the school did not argue that it lacked a duty to report the alleged abuse on the ground that the alleged abuser could not be the subject of a report under the Social Services Law (cf. Catherine G., 3 NY3d at 179-180; Hanson, 209 AD3d at 631). Therefore, such a contention was not before this Court (see generally Ellis v D.R. Watson Holdings, LLC, 60 AD3d 1409, 1410 [4th Dept 2009]). BL Doe 3 is further inapposite inasmuch as, here, there is no allegation that Pioneer's failure to report was knowing and willful, as required to state a claim under Social Services Law former § 413 (see Estate of Pesante v County of Seneca, 1 AD3d 915, 918 [4th Dept 2003]).
Entered: November 17, 2023
Ann Dillon Flynn
Clerk of the Court