PB-33 Doe v Rudolph (2024 NY Slip Op 04009)

PB-33 Doe v Rudolph

2024 NY Slip Op 04009

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND NOWAK, JJ.

507 CA 23-00640

[*1]PB-33 DOE, PLAINTIFF-RESPONDENT,
v
GREGORY J. RUDOLPH, IN HIS OFFICIAL CAPACITY AS WYOMING COUNTY SHERIFF, ET AL., DEFENDANTS, VILLAGE OF WARSAW AND WARSAW VILLAGE POLICE DEPARTMENT, DEFENDANTS-APPELLANTS. 

WEBSTER SZANYI LLP, BUFFALO (HEATHER DECHERT OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
PHILLIPS & PAOLICELLI LLP, NEW YORK CITY (ARI L. TAUB OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Wyoming County (Deborah A. Chimes, J.), entered March 14, 2023. The order, among other things, granted plaintiff's motion insofar as it sought leave to reargue, and upon reargument, denied in part the motion of defendants Village of Warsaw and Warsaw Village Police Department seeking summary judgment dismissing plaintiff's amended complaint against them. 
It is hereby ORDERED that said appeal insofar as taken by defendant Warsaw Village Police Department is unanimously dismissed and the order is modified on the law by granting that part of the motion of defendants Village of Warsaw and Warsaw Village Police Department seeking summary judgment dismissing the second cause of action against the Village of Warsaw and dismissing that cause of action against that defendant, and as modified the order is affirmed without costs.
Memorandum: In July 2020, plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) alleging that he was sexually abused by an employee (hereinafter employee) of defendant Wyoming County Sheriff's Department (WCSD) and defendant Genesee Valley BOCES (GVB), from 1990 to 1992. Initially, plaintiff named WCSD, GVB, Gregory J. Rudolph, in his official capacity as Wyoming County Sheriff, and Kevin MacDonald, in his official capacity as District Superintendent for the GVB, as defendants. During plaintiff's July 2021 deposition testimony, however, it became clear that the employee was also employed by defendant Warsaw Village Police Department (WVPD) during the relevant time period. On October 21, 2021, plaintiff filed an amended complaint naming defendant Village of Warsaw (Village) and WVPD (collectively, Warsaw defendants) as additional defendants. The Warsaw defendants moved for, inter alia, summary judgment dismissing the amended complaint against them, contending that the complaint was untimely. Supreme Court granted the motion and dismissed the complaint against the Warsaw defendants as untimely. Plaintiff moved for leave to reargue and renew his opposition to the Warsaw defendants' motion. The court, inter alia, granted plaintiff's motion insofar as it sought leave to reargue and, upon reargument, denied the Warsaw defendants' motion to the extent that it sought summary judgment dismissing the amended complaint on timeliness grounds and to the extent that it sought summary judgment dismissing certain causes of action against the Village. The Warsaw defendants appeal from the order.
Initially, the appeal must be dismissed insofar as taken by the WVPD. The court dismissed plaintiff's claims against the WVPD, and therefore the WVPD is not aggrieved by the order (see CPLR 5511; Tomaszewski v Seewaldt, 11 AD3d 995, 995 [4th Dept 2004]).
The Village contends that the court erred in denying the motion insofar as it sought summary judgment dismissing the amended complaint as time-barred, because the Executive Orders issued by then-Governor Andrew Cuomo during the COVID-19 pandemic did not toll the statute of limitations contained within CPLR 214-g. We reject that contention. "In 2019, the CVA became effective and originally permitted actions to be commenced between August 14, 2019, and August 14, 2020" (Bethea v Children's Vil., 225 AD3d 580, 581 [2d Dept 2024]; see CPLR 214-g). "On August 3, 2020, the CVA was amended so as to extend the revival window for one additional year, until August 14, 2021" (Bethea, 225 AD3d at 581; see Bill Jacket, L 2020, ch 130 at 1). "After the date of this amendment, however, former Governor Andrew Cuomo, following prior executive orders issued amidst the COVID-19 pandemic, continued to issue executive orders that ultimately tolled the statute of limitations through November 3, 2020" (Bethea, 225 AD3d at 581; see Executive Order [A. Cuomo] Nos. 202.55.1 [9 NYCRR 8.202.55.1], 202.60 [9 NYCRR 8.202.60], 202.67 [9 NYCRR 8.202.67], 202.72 [9 NYCRR 8.202.72]).
Contrary to the Village's contention, "the executive orders issued subsequent to the CVA's amendment tolled the close of the CVA's revival window for 90 days, from August 14, 2021, until at least November 12, 2021" (Bethea, 225 AD3d at 581; see Doe v Archdiocese of N.Y., 221 AD3d 451, 452 [1st Dept 2023]). Inasmuch as the instant action was commenced against the Warsaw defendants on October 21, 2021, it was timely commenced (see Bethea, 225 AD3d at 581; Doe, 221 AD3d at 452).
We agree with the Village and plaintiff correctly concedes, however, that the court erred in denying the Warsaw defendants' motion insofar as it sought summary judgment dismissing plaintiff's second cause of action against the Village, for breach of statutory duties to report certain abuse pursuant to Social Services Law former § 413 and Social Services Law § 420, because plaintiff was not an "abused child" under the Social Services Law. Although the Warsaw defendants did not raise that specific argument before the motion court, we may "nevertheless address the contention . . . because the issue [raised therein] is one of law appearing on the face of the record that [plaintiff] could not have countered had it been raised in the court of first instance" (Hoke v Hoke, 27 AD3d 1055, 1055 [4th Dept 2006] [internal quotation marks omitted]; see Tuttle v State Farm Mut. Auto. Ins. Co., 149 AD3d 1477, 1478 [4th Dept 2017]; Henner v Everdry Mktg. & Mgt., Inc., 74 AD3d 1776, 1778 [4th Dept 2010]).
In his amended complaint, plaintiff alleges that the Warsaw defendants violated their statutory reporting duties under Social Services Law former § 413 by failing to report the abuse of plaintiff by the employee. In a decision released while this appeal was pending, we concluded, as other Departments of the Appellate Division had previously, that there is no statutory duty to report child abuse where the alleged abuser is neither a parent nor another person legally responsible for the abused child's care (Solly v Pioneer Cent. Sch. Dist., 221 AD3d 1447, 1449 [4th Dept 2023]; see Dolgas v Wales, 215 AD3d 51, 59 [3d Dept 2023], lv denied 41 NY3d 904 [2024]; Hanson v Hicksville Union Free Sch. Dist., 209 AD3d 629, 631 [2d Dept 2022]; see generally Matter of Catherine G. v County of Essex, 3 NY3d 175, 180 [2004]). In reaching that conclusion, we explained that the Social Services Law incorporated the definition of "abused child" in the Family Court Act (see Social Services Law former § 412 [1]), which in turn defined that term, as relevant there, as a child harmed by a "parent or other person legally responsible for [the child's] care" (Family Ct Act former § 1012 [e]; see Solly, 221 AD3d at 1449). The Family Court Act definition of an "abused child" does not encompass abuse by "persons who assume fleeting or temporary care of a child" (Solly, 221 AD3d at 1449 [internal quotation marks omitted]). Inasmuch as the employee, based on the allegations in the amended complaint, could not be the subject of a report for purposes of Social Services Law former § 413, the Warsaw defendants were not required to report any suspected abuse by him (see Solly, 221 AD3d at 1449; Hanson, 209 AD3d at 631).
We therefore modify the order by granting that part of the Warsaw defendants' motion seeking summary judgment dismissing the second cause of action against the Village and dismissing that cause of action against that defendant.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court