Brown v Westchester County (2025 NY Slip Op 00304)

Brown v Westchester County

2025 NY Slip Op 00304

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2024-01459
 (Index No. 61074/21)

[*1]Linda Brown, respondent, 
v
Westchester County, et al., appellants, et al., defendant.

Darger Errante Yavitz & Blau LLP, New York, NY (Kelly A. Hodges of counsel), for appellant Westchester County.
Lyons McGovern, LLP (Della Jacono & Ross PLLC, White Plains, NY [John F. Della Jacono, Kenneth S. Ross, and Darlene Reda], of counsel), for appellant Abbott House, Inc.
Slater Slater Schulman LLP, Melville, NY (Jay L. T. Breakstone and Stephenie Lannigan Bross of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Westchester County appeals, and the defendant Abbott House, Inc., separately appeals, from an order of the Supreme Court, Westchester County (Leonard D. Steinman, J.), dated January 10, 2024. The order, insofar as appealed from by the defendant Westchester County, denied those branches of that defendant's motion which were for summary judgment dismissing the causes of action alleging negligence and negligent hiring, retention, and supervision insofar as asserted against it. The order, insofar as appealed from by the defendant Abbott House, Inc., denied those branches of that defendant's motion which were for summary judgment dismissing the causes of action alleging negligence, negligent hiring, retention, and supervision, and violations of certain provisions of the Social Services Law insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In August 2021, the plaintiff commenced this action against the defendants Westchester County and Abbott House, Inc. (hereinafter Abbott), and another defendant, inter alia, pursuant to pursuant to the Child Victims Act (see CPLR 214-g) to recover damages for negligence. In the complaint, the plaintiff alleged that, in the 1970s, she was a foster child in the legal custody of the County, which placed her at a residential facility operated by Abbott, a nonprofit corporation that provided foster care services to children. According to the plaintiff, between 1976 and 1978, she was repeatedly sexually abused by two counselors while residing at Abbott's facility. The plaintiff alleged, among other things, that the County and Abbott each knew or should have known of the abuse and that they negligently failed to prevent it.
In April 2023, the County moved, inter alia, for summary judgment dismissing the causes of action alleging negligence and negligent hiring, retention, and supervision insofar as asserted against it. Shortly thereafter, Abbott separately moved, among other things, for summary [*2]judgment dismissing the causes of action alleging negligence, negligent hiring, retention, and supervision, and violations of certain provisions of the Social Services Law insofar as asserted against it. The plaintiff opposed both motions. By order dated January 10, 2024, the Supreme Court denied those branches of the separate motions. The County and Abbott separately appeal.
Initially, contrary to the County's contention, the Supreme Court correctly concluded that the County was not entitled to summary judgment dismissing the causes of action alleging negligence and negligent hiring, retention, and supervision insofar as asserted against it on the ground that it did not owe the plaintiff a special duty. "An agency that assumes [legal] custody of a foster child, and which selects and supervises that child's foster [home], necessarily owes a duty to the child more than that owed the public generally" (Adams v Suffolk County, _____ AD3d _____, _____, 2024 NY Slip Op 05428, *1 [2d Dept] [internal quotation marks omitted]; see A.J. v State of New York, 231 AD3d 237, 239-240; Bartels v County of Westchester, 76 AD2d 517, 520-522). Therefore, "[b]y taking legal custody of the plaintiff, the County assumed a special duty to [her]" (D.D. v Westchester County, 232 AD3d 761, 753; see Fitzgerald v Westchester County, 232 AD3d 771, 772; Adams v Suffolk County, _____ AD3d at _____, 2024 NY Slip Op 05428, *2-7).
Moreover, "[a]n entity to whom the custody of a child is entrusted has a duty to adequately supervise children in its charge and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Kwitko v Camp Shane, Inc., 224 AD3d 895, 895-896 [internal quotation marks omitted]). "To sustain a cause of action sounding in negligent supervision of a child under the alleged facts of this case, the plaintiff must establish that the defendant had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Brophy v Big Bros. Big Sisters of Am., Inc., 224 AD3d 866, 868 [internal quotation marks omitted]). Similarly, "[t]o establish a cause of action based on negligent hiring, negligent retention, or negligent supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Sayegh v City of Yonkers, 228 AD3d 690, 691 [internal quotation marks omitted]).
Here, the County failed to establish, prima facie, that "it lacked constructive notice of the alleged conduct that resulted in the plaintiff's injuries or that it otherwise adequately selected or supervised the plaintiff's foster care placement[ ]" (Adams v Suffolk County, _____ AD3d at _____, 2024 NY Slip Op 05428, *9; see Fitzgerald v Westchester County, 232AD3d at 773; Kwitko v Camp Shane, Inc., 224 AD3d at 896). Similarly, Abbott "failed to establish, prima facie, that it lacked notice of the counselor[s'] alleged abusive propensities and conduct" (Kwitko v Camp Shane, Inc., 224 AD3d at 896). Since the County and Abbott each failed to satisfy their burden of establishing their prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied those branches of their respective motions which were for summary judgment dismissing the causes of action alleging negligence and negligent hiring, retention, and supervision insofar as asserted against each of them, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Abbott failed to demonstrate, prima facie, that it did not knowingly or willfully fail to report suspected child abuse (see Social Services Law §§ 413, 420[2]; cf. Diana Michelle G. v Bedford Cent. Sch. Dist., 104 AD3d 805, 805; Estate of Pesante v County of Seneca, 1 AD3d 915, 918). Therefore, the Supreme Court properly denied that branch of Abbott's motion which was for summary judgment dismissing the cause of action alleging violations of certain provisions of the Social Services Law insofar as asserted against it, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The County's remaining contention is not properly before this Court, as it is improperly raised for the first time in reply.
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court