Ganieva v Black (2023 NY Slip Op 02380)

Ganieva v Black

2023 NY Slip Op 02380

Decided on May 04, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 04, 2023

Before: Manzanet-Daniels, J.P., Singh, Moulton, Rodriguez, Pitt-Burke, JJ. 

Index No. 155262/21 Appeal No. 193 Case No. 2022-02357 

[*1]Guzel Ganieva, Plaintiff-Respondent,
v
Leon Black, Defendant-Appellant.

Quinn Emanuel Urquhart & Sullivan, LLP, New York (Michael B. Carlinsky of counsel), for appellant.
Wigdor LLP, New York (Jeanne M. Christensen of counsel), for respondent.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about May 6, 2022, which, to the extent appealed from as limited by the briefs, denied defendant's motion pursuant to CPLR 3024(b) to strike certain factual allegations from the first amended complaint and granted plaintiff's motion pursuant to CPLR 3025(b) for leave to amend that pleading, unanimously reversed, on the law, without costs, defendant's motion granted, and plaintiff's motion denied.
Prior to the commencement of this action, the parties' years-long relationship ended, and plaintiff publicly accused defendant of sexual harassment and abuse. Defendant responded by publicly stating that the parties had a consensual relationship, and that plaintiff had extorted him for years. Plaintiff commenced this action against defendant asserting causes of action for defamation, defamation per se, intentional infliction of emotional distress, and gender-motivated violence under the Victims of Gender-Motivated Violence Protection Law (Administrative Code of NYC § 10-111 et seq.).
The court should have granted defendant's motion to strike certain inflammatory factual allegations from the first amended complaint. The allegations at issue, which employed rhetoric or detailed defendant's misconduct toward other women and his relationships with notorious third parties, were scandalous and prejudicial, and not necessary to establish any element of plaintiff's causes of action (see CPLR 3024 [b]; Breest v Haggis, 180 AD3d 83, 95 [1st Dept 2019]; see also Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d 88, 96-97 [2d Dept 2021]). CPLR 3024 (b) motions do not judge whether matters will be discoverable or admissible at trial (see Breest, 180 AD3d at 95 n 13; Pisula, 201 AD3d at 97).
The court also should have denied plaintiff's motion for leave to amend to add similar factual allegations relating to defendant's misconduct toward another woman and his relationship with one of the notorious third parties. Those allegations were "palpably insufficient" because, like the allegations that should have been stricken, they do not establish any element of plaintiff's causes of action (Favourite Ltd. v Cico, 208 AD3d 99, 108 [1st Dept 2022]; see also CPLR 3025 [b]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2023