| **Walls v City of New York** |
|:---:|
| 2025 NY Slip Op 30714(U) |
| March 4, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156492/2024 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. HASA A. KINGO**

*Justice*

PART                05M

-------------------------------------------------------------------------X

GABRIELLE WALLS,

Plaintiff,

- v -

CITY OF NEW YORK, SCOTT HENDERSON

Defendant.

-------------------------------------------------------------------------X

INDEX NO.          156492/2024

MOTION DATE          N/A

MOTION SEQ. NO.          001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11

were read on this motion for                    DISMISSAL                    .

Defendants City of New York and Scott Henderson ("Defendants") move to strike certain portions of Plaintiff Gabrielle Walls' ("Plaintiff") complaint as scandalous, prejudicial, and unnecessary pursuant to CPLR § 3024(b), and to dismiss Plaintiff's complaint in part as time-barred. Plaintiff cross-moves for leave to amend the complaint pursuant to CPLR § 3025(b). For the reasons set forth below, the motion to strike and dismiss is denied in its entirety, and Plaintiff's cross-motion to amend is granted.

## PROCEDURAL HISTORY

Plaintiff commenced this action on July 16, 2024, alleging claims of gender discrimination, sexual harassment, hostile work environment, and retaliation under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"). Plaintiff alleges that from 2015 to the present, she was subjected to a continuous pattern of discrimination and harassment within the New York City Police Department ("NYPD"). Defendants move to strike portions of the complaint that reference alleged misconduct by non-parties and lawsuits involving other NYPD employees. Defendants further move to dismiss all claims predating July 16, 2021, as time-barred and argue that Plaintiff's claims for punitive damages against the City are improper. Plaintiff opposes Defendants' motion and cross-moves to amend her complaint to clarify her allegations and assert additional facts supporting her claims.

## ARGUMENTS

Defendants argue that references to alleged misconduct by non-parties and prior lawsuits are scandalous and irrelevant under CPLR § 3024(b). They contend that allegations regarding non-party misconduct, including lawsuits involving Captain Sharon Balli, Sergeant Roxanne Ludemann, Detective Pollyann Dixon, Sergeant Michael Ferrari, and Lieutenant George Huang, are prejudicial and not necessary to establish Plaintiff's claims. Additionally, Defendants argue

156492/2024   WALLS, GABRIELLE vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 1 of 6

1 of 6

[* 1]

that the complaint's references to criminal indictments and internal NYPD incidents should be stricken as Plaintiff lacks first-hand knowledge.

Defendants further assert that Plaintiff's claims based on events occurring before July 16, 2021, are time-barred by the three-year statute of limitations applicable to NYSHRL and NYCHRL claims. They argue that the continuing violation doctrine does not apply because the alleged misconduct consists of discrete incidents rather than a continuous pattern.

Plaintiff contends that the paragraphs referencing non-party allegations highlight a pervasive pattern of gender-based discrimination and are relevant to her claims, particularly under NYCHRL's strict liability provisions (NYC Admin. Code § 8-107[13][b]). Plaintiff also asserts that her claims are timely under the continuing violation doctrine because she has alleged an ongoing pattern of discrimination, with at least one act occurring within the limitations period. Additionally, Plaintiff clarifies that she does not seek punitive damages against the City but rather against the individual defendants.

### DISCUSSION

### I. Motion to Strike

Motions to strike are generally disfavored and will only be granted where the allegations sought to be stricken have no possible relevance to the litigation (*see Pisula v. Roman Catholic Archdiocese of N.Y.*, 201 AD3d 88, 97 [2d Dept 2021]). Here, Defendants have failed to meet their burden of demonstrating that the allegations referencing other lawsuits and non-party misconduct have no bearing on Plaintiff's claims.

Under NYCHRL §8-107(13)(b), an employer is liable where it knew or should have known of discriminatory conduct and failed to take immediate corrective action (*see Hernandez v. Kellwood Co.*, No. 99 Civ. 10015, 2003 U.S. Dist. LEXIS 17862, at *48 n.5 [S.D.N.Y. Oct. 8, 2003]). This provision imposes a duty on employers to prevent and address workplace discrimination by ensuring a proactive approach to monitoring and mitigating discriminatory behavior.

In employment discrimination cases, the broader context in which discrimination occurs is often highly relevant to establishing an employer's knowledge and failure to act. Courts have recognized that evidence of a workplace culture permissive of discrimination can be probative of whether an employer should have known about ongoing misconduct (*see Zakrzewska v. New School*, 14 NY3d 469, 479 [2010][holding that employer liability under NYCHRL does not depend solely on whether the employer knew of the specific conduct affecting the plaintiff, but rather on whether the employer exercised reasonable diligence to prevent and correct discrimination]).

Plaintiff's references to other lawsuits and misconduct within the NYPD serve to establish a broader pattern of discrimination, demonstrating that the City was aware or should have been aware of the systemic issues within the department. Allegations regarding other cases involving similar conduct by NYPD officials provide crucial context, indicating that Defendants had a history of ignoring or inadequately addressing complaints of discrimination.

156492/2024   WALLS, GABRIELLE vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 2 of 6

[* 2]

Additionally, the inclusion of such allegations aligns with established legal principles recognizing that a workplace permeated with discrimination contributes to an individual plaintiff's hostile work environment claim (*see Williams v New York City Hous. Auth..*, 61 AD3d 62, 79 [1st Dept 2009][explaining that NYCHRL requires courts to examine whether broader patterns of discrimination contribute to a plaintiff's claim]).

Given this precedent, striking the allegations would unduly narrow the scope of Plaintiff's claims and impede her ability to establish the existence of a hostile work environment under NYCHRL. The allegations are therefore relevant and necessary to Plaintiff's claims.

Defendants correctly highlight that the Appellate Division, First Department, has held, in certain instances, that non-party allegations which are scandalous, prejudicial, and unnecessary to state a claim for sexual harassment should be stricken (*see Ganieva v. Black*, 216 AD3d 424, 425 [1st Dept 2023]["The allegations at issue, which employed rhetoric or detailed defendant's misconduct toward other women and his relationships with notorious third parties, were scandalous and prejudicial, and not necessary to establish any element of plaintiff's causes of action"]). Notwithstanding, the present case is factually distinguishable because the allegations here directly address a hostile work environment by speaking to conduct directed toward nonparties within the same institution—namely, the NYPD—rather than to Defendants' unrelated misconduct toward other women in a sexual harassment lawsuit. To be sure, the allegations in this lawsuit are directly tied to Plaintiff's claims of a hostile work environment within the same institution; accordingly, they are entirely distinct from and not remotely analogous to the misconduct alleged in the sexual harassment lawsuit in *Ganieva*.

Considering the foregoing, Defendants' motion to strike is denied in its entirety.

## II.     Motion to Dismiss as Time-Barred

Defendants argue that Plaintiff's claims are partially time-barred because they arise from events predating July 16, 2021. However, Plaintiff invokes the continuing violation doctrine, which applies where a plaintiff alleges an ongoing pattern of discrimination rather than isolated or discrete acts (*see Nat'l R.R. Passenger Corp. v. Morgan*, 536 US 101, 103 [2002]; *Cornwell v. Robinson*, 23 F.3d 694, 703 [2d Cir. 1994]).

The Second Circuit has consistently recognized that hostile work environment claims differ from discrete acts of discrimination because they involve repeated conduct over time, the cumulative effect of which creates an actionable claim (*see Taylor v. City of New York*, 207 F. Supp. 3d 293, 302 [S.D.N.Y. 2016]). In particular, the doctrine allows courts to consider conduct that occurred outside the statutory limitations period when it is part of an ongoing and systematic practice of discrimination (*see Fitzgerald v. Henderson*, 251 F.3d 345, 359 [2d Cir. 2001][holding that "a continuing violation may be found where specific and related instances of discrimination are permitted to continue unremedied for so long as to amount to a discriminatory policy or practice"]).

156492/2024   WALLS, GABRIELLE vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 3 of 6

[* 3]

Plaintiff alleges a pattern of harassment spanning multiple years and continuing into the statutory period, with at least one act occurring within the limitations period. This aligns with prior judicial findings that so long as one act contributing to the hostile work environment claim falls within the statute of limitations, the entire scope of the claim may be considered (*see Bermudez v. City of New York*, 783 F. Supp. 2d 560, 582 (S.D.N.Y. 2011). Further, courts have emphasized that "determining whether an act contributes to a hostile work environment requires an analysis of whether it is part of a series of interrelated events rather than an isolated occurrence" (*see Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*, 21-cv-2512, dkt 28, at *10 (S.D.N.Y. Feb. 22, 2022).

Accordingly, Plaintiff has adequately pleaded a continuing violation theory, allowing her to rely on pre-limitations conduct as evidence of the hostile work environment. Defendants' motion to dismiss on statute of limitations grounds is therefore denied.

### III.   Motion to Dismiss claim under New York City Local Law § 187

Plaintiff asserts a claim under New York City Local Law § 187 (*see* Compl. ¶ 1); however, Plaintiff entirely fails to allege any factual basis to support a violation of that local law, which is merely an amendment to the City Administrative Code governing the regulation of hookah establishments (*see, e.g*., 3 R.C.N.Y. 310-03 ]stating that "Local Law No. 187 of 2017… regulates hookah establishments, businesses that provide water pipes (hookah), heated by charcoals and containing non-tobacco products, for on-premises smoking"]). Accordingly, to the extent that this claim is asserted, it is dismissed.[1]

### IV.   Punitive Damages

Plaintiff asserts a claim for punitive damages (*see* Compl. ¶¶ 416-417). However, it is well settled that punitive damages cannot be awarded against the City (*see Krohn v New York City Police Dept.*, 2 NY3d 329 [2004][holding that N.Y.C. Admin. Code § 8-502[a] does not permit punitive damages against the City for gender-based employment discrimination]; *Maldonado v. City of N.Y.*, 2024 N.Y. Misc. LEXIS 6694, at *7 [Sup. Ct., N.Y. Cty. 2024][dismissing a claim for punitive damages under N.Y.C. Admin. Code § 8-502[a]). Plaintiff concedes that she is not seeking punitive damages against the City, but rather exclusively against the individual defendants. Accordingly, the instant motion is granted to the extent that any claims asserted against the City for punitive damages are dismissed.

### V.   Motion to Amend

Leave to amend should be freely granted absent prejudice or surprise (*see* CPLR § 3025[b]; *Peach Parking Corp. v. 345 W 40th Street, LLC*, 43 AD3d 82 [1st Dept 2007]). Courts have consistently held that amendment should be permitted so long as the proposed changes are not

---

[1] In Plaintiff's affirmation in support of Plaintiff's cross-motion, Plaintiff concedes as follows: "Plaintiff brings no claims under local law 187. Plaintiff brings claims under New York City Human Rights law 8-107. The reference to local law 187 is a typo corrected in Plaintiff's Amended Complaint."

**156492/2024   WALLS, GABRIELLE vs. CITY OF NEW YORK ET AL**                                      **Page 4 of 6**
  **Motion No.  001**

[* 4]

palpably insufficient or clearly devoid of merit (*see Pier 59 Studios, L.P. v. Chelsea Piers, L.P.*, 40 AD3d 363, 366 [1st Dept 2007]).

Here, Plaintiff seeks to amend her complaint to clarify her claims and incorporate additional factual allegations regarding the hostile work environment and discrimination she endured. The proposed amendments further support Plaintiff's claims under the NYSHRL and NYCHRL by bolstering the allegations of a pervasive and continuous pattern of discrimination. Courts have emphasized that amendments that provide greater factual specificity, particularly in employment discrimination cases, serve to advance the interests of justice (*see Lucinda v. Mancuso*, 49 AD3d 220, 227 [1st Dept 2008]).

Defendants fail to demonstrate that the amendments are insufficient or that they will suffer any undue prejudice as a result. The standard for demonstrating prejudice is high, requiring a showing that the amendment would hinder Defendants' ability to prepare their case (*see Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 73 [2d Cir. 2000]). Given the early stage of litigation and the fact that discovery has yet to be completed, Defendants have not met this burden.

Moreover, under CPLR § 3025(b), a court should permit amendments that clarify legal claims rather than introduce entirely new causes of action (*see Lucido*, 49 AD3d at 227, *supra*). Plaintiff's proposed amendments serve to clarify and strengthen her claims rather than fundamentally alter them. Accordingly, in light of the liberal policy favoring amendments and the lack of any demonstrated prejudice to Defendants, Plaintiff's motion to amend is granted.

Finally, to the extent that Defendants are attempting to dismiss any other causes of action in the amended complaint by alleging a failure to state a claim, the court finds such arguments unavailing. On a motion to dismiss for failure to state a cause of action under CPLR § 3211(a)(7), courts interpret the pleadings liberally, accept the complaint's factual allegations as true, and extend to the plaintiff every favorable inference available (*Leon v. Martinez*, 84 NY2d 83, 87 [1994]; *JF Capital Advisors, LLC v. Lightstone Group, LLC*, 25 NY3d 759, 764 [2015]). Ordinarily, the court's inquiry is confined to assessing the legal sufficiency of the plaintiff's pleadings, meaning its sole function is to determine whether the alleged facts cohere with a recognizable legal theory (*JF Capital Advisors*, 25 NY3d at 764, supra). However, when a complaint is comprised solely of bare legal conclusions devoid of factual specificity (*Godfrey v. Spano*, 13 NY3d 358, 373 [2009]), or when the pleading's statements are insufficiently detailed to provide notice to the court and the parties of the transactions or occurrences intended to be proven (CPLR § 3013; *Mid-Hudson Val. Fed. Credit Union v. Quartararo & Lois, PLLC*, 31 NY3d 1090, 1091 [2018]), the motion to dismiss should be granted. Indeed, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not entitled to any such consideration" (Garber v. Board of Trustees of State Univ. of NY, 38 AD3d 833, 834 [2d Dept 2007], *quoting Maas v. Cornell Univ.*, 94 NY2d 87, 91 [1999]). CPLR §2013 mandates that "[s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and the material elements of each cause of action or defense." Consequently, conclusory allegations are insufficient (*see DiMauro v. Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 239 [2d Dept. 1984]; *Fowler v. American Lawyer Media*, 306 AD2d 113, 113 [1st Dept 2003]; *Sheriff v. Murray*, 33 AD3d 688 [2d Dept 2006]). When a complaint's allegations are vague or conclusory, dismissal

156492/2024   WALLS, GABRIELLE vs. CITY OF NEW YORK ET AL
Motion No.  001

Page 5 of 6

5 of 6

for failure to state a cause of action is warranted (*see Schuckman Realty v. Marine Midland Bank, N.A.*, 244 AD2d 400, 401 [2d Dept 1997]; *O'Riordan v. Suffolk Ch., Local No. 852, Civ. Serv. Empls. Assn.*, 95 AD2d 800, 800 [2d Dept 1983]).

In applying the aforementioned standard to the case at hand, it is evident that Plaintiff's amended complaint survives dismissal. Plaintiff has advanced sufficiently detailed factual allegations to support her claim of gender discrimination—both in being denied promotions and in not receiving compensation on par with her male counterparts—as well as a claim for sexual harassment, evidenced by her boss's attempted kiss at holiday parties and other related conduct. Additionally, she has alleged retaliation, as demonstrated by transfers and a lack of upward mobility. Such allegations, at this stage in the proceeding, are sufficient to withstand dismissal.

For the foregoing reasons, it is hereby

ORDERED that Defendants' motion to strike DENIED in its entirety; and it is further

ORDERED that Defendants' motion to dismiss on statute of limitations grounds is DENIED in its entirety; and it is further

ORDERED that Defendants' motion to dismiss Plaintiff's claim under New York City Local Law § 187 is GRANTED; and it is further

ORDERED that Defendants' motion to dismiss Plaintiff's claim for punitive damages against the City is GRANTED; and it is further

ORDERED that the remaining balance of Defendants' motion to dismiss is DENIED; and it is further

ORDERED that Plaintiff's cross-motion for leave to amend the complaint is GRANTED; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment as to those claims upon which dismissal has been granted, accordingly.

This constitutes the decision and order of the court.

20250304121210HKINGO551975AD644491A9A42D0F358E4827D

**3/4/2025**
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 6]