| |
|---|
| **S.S. v Hartman** |
| 2025 NY Slip Op 31581(U) |
| May 1, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152588/2024 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. MARY V. ROSADO                    PART            33M

_Justice_

-------------------------------------------------------------------X

S. S.

                                Plaintiff,

          - v -

MAX HARTMAN,

                                Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152588/2024 |
| MOTION DATE | 09/16/2024 |
| MOTION SEQ. NO. | 002 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24

were read on this motion to/for                    STRIKE PLEADINGS                    .

Upon the foregoing documents, and after a final submission date of February 26, 2025, Defendant Max Hartman's ("Defendant") motion pursuant to CPLR 3024(b), seeking to strike certain allegations as scandalous, prejudicial, and unnecessary is granted in part and denied in part.

## I.      Background

Plaintiff and Defendant were former romantic partners in what Plaintiff alleges was an abusive and manipulative relationship. Plaintiff now seeks damages for intentional infliction of emotional distress, harassment under New York's Civil Rights Law, sexual assault and battery, gender motivated violence, breach of contract, unjust enrichment, and pursuant to New York's revenge pornography statute. Defendant in turn seeks to have numerous allegations in Plaintiff's Complaint stricken, claiming they are scandalous, prejudicial, and unnecessary.

## II.      Discussion

### A. Standard

Pursuant to CPLR 3024(b) "a party may move to strike any scandalous or prejudicial matter unnecessarily in a pleading." "Motions to strike scandalous or prejudicial matter from pleadings

152588/2024  S., S. vs. HARTMAN, MAX
Motion No.  002

Page 1 of 5

are generally disfavored" (*Pisula v Roman Catholic Archdiocese of New York*, 201 AD3d 88, 97 [2d Dept 2021]). Trial courts are afforded discretion in determining whether an allegation is scandalous or prejudicial (*Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities*, 19 NY3d 106, 126 [2012]). Allegations may be considered scandalous or prejudicial when they are inflammatory and not necessary to establish any element of a plaintiff's cause of action (*Ganieva v Black*, 216 AD3d 525, 425 [1st Dept 2023]). Likewise, prior bad acts towards non-parties or allegations of criminal history are generally considered scandalous or prejudicial, especially when they have no bearing on the elements of any cause of action pled (*Davis v Richmond Capital Group, LLC*, 194 AD3d 516, 518 [1st Dept 2021]).

### B. The Cryptocurrency Allegations

The first group of allegations Defendant seeks to strike are related to Defendant's alleged cryptocurrency business. Defendant's motion to dismiss paragraphs 15-22 of the Complaint, which detail the Defendant's involvement with cryptocurrency and alleged criminal activities is granted. Defendant's involvement with cryptocurrency is at best tenuously related to her allegations of sexual abuse and emotional distress. The inclusion of cryptocurrency related allegations to portray Defendant as a "fraudster" or someone trying to skirt tax obligations is inflammatory and has nothing to do with the causes of action in this case (*Davis, supra*). Therefore, these paragraphs are stricken.

The same analysis applies to paragraphs 63 through 66 and 68 through 73 and 78. Plaintiff's attempt to allege Defendant was manipulative and induced her to become financially dependent on him does not require her to provide allegations about his involvement with cryptocurrency and alleged scheme to avoid paying taxes.

**152588/2024 S., S. vs. HARTMAN, MAX**
**Motion No. 002**

**Page 2 of 5**

2 of 5

However, the motion is denied as to paragraphs 117-118, which provide factual context of Defendant's threats and manipulation, and Plaintiff's attempt to seek outside help to avoid her alleged damages. These paragraphs provide context to an episode where Defendant used his cryptocurrency assets to reverse payments he had made toward Plaintiff's rent, thereby making Plaintiff liable for the previously paid rent. These paragraphs are relevant to Plaintiff's intentional infliction of emotional distress claim. They may also be relevant towards Plaintiff's breach of contract and unjust enrichment claims.

## C. Sex-Related Allegations

The second group of allegations at issue are related to Defendant's alleged sex activities. Defendant's motion to strike paragraph 3 of Plaintiff's Complaint is denied. Most of this paragraph alleges abuse towards Plaintiff, with just a few words alleging that Defendant was recording his intimate moments with "the other women he was bedding behind Plaintiff's back...." However, these allegations may be relevant towards Plaintiff's intentional infliction of emotional distress claim. For the same reason paragraph 7 should not be stricken, as it details Plaintiff discovering multiple recordings of her having sex, which is relevant to her intentional infliction of emotional distress and claims under the Revenge Pornography Statute. Likewise, the allegation that Defendant had sex with another women in Plaintiff's bed, without Plaintiff knowing, while she was away at class, is relevant to her emotional distress claim.

Moreover, the allegations in paragraph 10 are relevant for providing context to paragraph 11, which Defendant does not ask to be stricken. Paragraph 10 explains why Defendant allegedly threatened to sue Plaintiff in retaliation for her actions related to Defendant's "stash" of sex recordings. Therefore, the motion to strike paragraph 10 is denied. The motion to strike the allegations in paragraph 96, which detail Defendant sleeping with Plaintiff's neighbor, women he

**152588/2024 S., S. vs. HARTMAN, MAX**
**Motion No. 002**

Page 3 of 5

worked with, and sleeping with one woman 12 feet away from Plaintiff while Plaintiff slept in the couple's bed is denied. This paragraph provides context to what Plaintiff alleges are acts carried out by Defendant with the intent to cause Plaintiff emotional distress in retaliation for her refusal to have children with him. Plaintiff has the burden of alleging and proving extreme and outrageous behavior to sustain her intentional infliction of emotional distress claim and describing Defendant's alleged retaliatory acts towards Plaintiff are therefore relevant and contextual.

Paragraph 100 also provides context to the surrounding paragraphs – namely that the parties agreed to be monogamous, but Defendant continued secretly sleeping with numerous other women, which upon Plaintiff's discovery caused her to allegedly experience daily panic attacks. The panic attacks and emotional distress arising from Defendant's allegedly hidden infidelity go to both damages and liability under Plaintiff's intentional infliction of emotional distress claim.

However, paragraphs 125 through 130, which provide details of Defendant filming his sexual encounters with other women, is stricken as scandalous and prejudicial (*see, Ganieva v Black*, 216 AD3d 424, 425 [1st Dept 2023]). As these videos do not depict Plaintiff, they are inflammatory, scandalous, and prejudicial and are therefore stricken. Given the numerous other allegations present in the complaint, these allegations are not necessary for Plaintiff to plead the elements of any of her causes of action (*see Breest v Haggis*, 180 AD3d 83, 94 [1st Dept 2019] [allegations that three other women accused defendant of rape or attempted rape stricken as scandalous and prejudicial]).

Finally, the motion to strike paragraph 208 of the Complaint, which alleges that "Defendant's actions show he is a misogynist who takes pleasure in controlling and secretly recording Plaintiff and other women and whose actions against Plaintiff and his other female victims are gender motivated" is partially stricken. What is relevant here is only Defendant's

**152588/2024   S., S. vs. HARTMAN, MAX**
**Motion No. 002**

**Page 4 of 5**

alleged animus towards Plaintiff– therefore "and other women" and "his other female victims" shall be stricken from this paragraph.

Accordingly, it is hereby,

ORDERED that the motion for an order striking scandalous matter is granted in part and denied in part and Plaintiff shall, within 10 days from service of a copy of this order with notice of entry, serve an amended complaint that shall not include the scandalous matter in the original complaint, specifically paragraphs 15 through 22, 63 through 66, 68 through 73, 78, 125 through 130, and the identified wording in paragraph 208, and it is further

ORDERED that the defendant shall serve an answer to the amended complaint or otherwise within 20 days of service of such pleading; and it is further

ORDERED that counsel shall meet and confer immediately and submit a proposed preliminary conference order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov, but in no event shall the proposed order be submitted any later than September 2, 2025. If the parties cannot submit a proposed preliminary conference order, the parties shall appear for an in-person preliminary conference on September 3, 2025 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 5/1/2025 | | | | | _May V Rosar_ JSC | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

152588/2024   S., S. vs. HARTMAN, MAX
Motion No. 002

Page 5 of 5

5 of 5

[* 5]